**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CEDRIC MORROW,** | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. PJM 06-1801 |
| | * | Criminal No. PJM 03-081 |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent | * | |
| | * | |

**MEMORANDUM OPINION**

*Pro se* petitioner Cedric Morrow has filed a Motion to Vacate, Set Aside or Otherwise Correct Sentence pursuant to 28 U.S.C. § 2255.  The Government has filed a Response in Opposition to the Motion.  For the reasons set forth below, the Court **DENIES** the Motion.[1]

**I.**

Morrow was charged in a five-count Superseding Indictment with violations of 21 U.S.C. § 841(a)(1) (distribution of crack cocaine) and 21 U.S.C. § 841 (b)(1)(B) (distribution of crack cocaine).  Morrow was represented by attorney William Hale.  Following trial, a jury returned a guilty verdict against Morrow as to Count Five only, namely "knowingly, intentionally, and

---

[1]     In addition, Morrow has filed a Motion for Relief from the Judgment, claiming that the Government did not respond to his § 2255 Motion within 60 days, as required by the Court's Order dated July 28, 2006.  The Government requested several extensions for filing a response, which the Court, in fact, granted.  Thus, the Government did not concede the merits of Morrow's § 2255 Motion.  Accordingly, Morrow's Motion for Relief from the Judgment is **DENIED**.

unlawfully distributing fifty grams or more of a mixture or substance containing a detectable amount of cocaine base . . . ."  The Court declared a mistrial as to Counts One through Four.

At sentencing, the Court found that Morrow was responsible for 54.9 grams of cocaine base and set his base offense level under the Sentencing Guidelines at 32.  An additional two-level increase in the offense level was assessed because Morrow possessed a firearm.  On the basis of a final offense level of 34 and a criminal history category of I, the Court sentenced Morrow to 151 months' imprisonment based on his.

Morrow, through the same counsel who represented him at trial, appealed to the Fourth Circuit, arguing that this Court had erred in admitting the evidence of gun possession that led to the two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1).  The Fourth Circuit rejected the contention in United States v. Morrow, 179 F. App'x 178 (4th Cir. 2006).

Morrow has now filed the instant petition, requesting an evidentiary hearing.  He alleges violations of his Sixth Amendment right to effective assistance because counsel: (1) did not seek appellate review of the two-level enhancement applied for possession of a gun, nor did counsel appeal the drug quantity for which Morrow was sentenced, allegedly in violation of Booker v. United States, 543 U.S. 220 (2005); (2) did not permit Morrow to testify at trial; (3) did not apprise Morrow of the proposed plea agreement offered by the Government; and (4) underestimated the maximum sentence Morrow would receive after a jury conviction.

## II.

A § 2255 claim calls for an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Thus, when "a colorable Sixth Amendment claim is presented, and where material facts

2

are in dispute involving inconsistencies beyond the record, a hearing is necessary." United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992).

As for claims of ineffective assistance of counsel, the two-part test outlined in Strickland v. Washington, 466 U.S. 668 (1984) governs the analysis. Strickland requires that the petitioner demonstrate (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Id. at 687. Representation is deficient if it "falls below an objective standard of reasonableness." Id. at 690. It must also be shown that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." Id. at 687. A showing of prejudice requires that "counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 690-694.

## A.

Morrow bases his first claim of ineffective assistance on counsel's alleged failure to appeal the two-level enhancement of his offense level for possession of a gun. As to this, Morrow is simply mistaken. In its opinion, the Fourth Circuit clearly affirmed the application of the two-level enhancement for possession of a gun.

Morrow further claims that counsel failed to seek review under Booker on the grounds that the issue of drug quantity was not submitted to the jury. Again, Morrow is simply incorrect. The jury did determine the drug quantity for which he was sentenced. The record indicates that the jury convicted him on Count Five of the Indictment, which alleged that Morrow "knowingly, intentionally, and unlawfully distribut[ed] fifty grams or more of a mixture or substance

3

containing a detectable amount of cocaine base . . . ."  The Court subsequently sentenced Morrow for distributing 54.9 grams of cocaine.  The Court's finding of 54.9 grams was based on the transaction that occurred on June 4, 2002, which formed the basis for Count Five.  The Court in fact declined to follow the recommendation of the Presentence Report that Morrow should be deemed responsible for at least 155.13 grams, an amount that would have resulted from consideration of all five charges on which Morrow was indicted.  Upon reviewing Morrow's objection to the report, the Court recalculated his sentence based solely on Count Five.  The 4.9 gram difference between the jury's finding of 50 grams or more and the Court's more precise finding of 54.9 grams did not prejudice Morrow.  Since the application of 54.9 grams (as opposed to 50) had no effect on his guideline range, obviously no ineffective assistance claim obtains in this regard.

## B.

Morrow's second claim of ineffective assistance is that counsel did not permit him to testify at trial.  It is well understood that a defendant in a criminal trial has a constitutional right to testify on his own behalf.  See Rock v. Arkansas, 483 U.S. 44, 51-53 (1987).  Moreover, "it is the attorney's obligation to ensure that the defendant is informed of the right to testify."  Gregory v. United States, 109 F. Supp. 2d 441, 448 (4th Cir. 2000) (citing Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998)), aff'd U.S. v. Gregory, 30 F. App'x 55 (4th Cir. 2002)).

Apart from the fact that Morrow's allegation on this point is not contained in the affidavit that accompanies his Motion and therefore is not sworn, the Court finds this contention entirely implausible.  It is simply too facile for a defendant, after being convicted, to argue that he was not informed by counsel of his right to testify.  See Underwood v. Clark, 939 F.2d 473, 476 (7th

4

Cir. 1991) (denying an evidentiary hearing for defendant who alleged in his affidavit that counsel prevented him from testifying).  To assert that counsel "refuse[d] to allow" him to testify — in violation of professional and ethical standards — is a thoroughly self-serving statement which is not substantiated in any way.  Indeed, the Government has introduced an affidavit from counsel which states, in pertinent part, that "although we discussed the possibility of Mr. Morrow testifying, he and I jointly came to the conclusion that he should not testify."  Advice provided by counsel on whether to testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance."  Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983).  Counsel's performance is presumed to be the result of a sound trial strategy."  Strickland, 466 U.S. at 689.  The Court will not second-guess Hale's strategy to keep Morrow off the stand without the least plausible indication that Morrow disagreed with counsel's advice at the time of trial.[2]  Counsel's performance in this regard was not constitutionally deficient.

## C.

Without saying what it might have consisted of, Morrow next argues that counsel failed to communicate the Government's proposed plea agreement to him.[3]  Had he been informed of the plea agreement, he argues, he would have accepted it.  Counsel, in his affidavit, states that he

---

[2]

It is noteworthy that Morrow was convicted of only one of five counts.  Morrow argues that by testifying, he could have been acquitted of Count Five.  But the Government's evidence on Count Five was overwhelming since the drug transaction in question was captured both on video and audio.  At the same time, had Morrow testified, his testimony might just as likely have led the jury to convict him of Counts One through Four as well.  Clearly, a tactical decision was made and clearly it resulted in a favorable outcome for Morrow.

[3]

Morrow's confidence that a plea agreement existed at all would suggest that counsel did, in fact, present him with one.

kept "Morrow apprised of all developments in the case" and at no time hid from him any proposed plea agreement.  Counsel further attests that Morrow always professed his innocence and never indicated any desire to plead guilty.  Indeed, counsel explains that Morrow "was the one who was sure he would win his case."

A failure to inform a defendant of any plea offer made by the Government constitutes ineffective assistance of counsel.  <u>See</u> <u>United States v. Rodriguez</u>, 929 F.2d 747, 752 (1st Cir. 1991); <u>United States ex rel. Caruso v. Zelinsky</u>, 689 F.2d 435, 438 (3rd Cir. 1982); <u>Johnson v. Duckworth</u>, 793 F.2d 898, 902 (7th Cir. 1986).  However, failure to pursue a plea bargain is not sufficient proof of ineffective assistance of counsel where the record does not indicate that the Government would have offered one.  <u>See</u> <u>Eisemann v. Herbert</u>, 401 F.3d 102, 109 (2nd Cir. 2005) (<u>citing</u> <u>Burger v. Kemp</u>, 483 U.S. 776, 785-86 (1987)) (finding that pursuit of a plea bargain was not a plausible defense strategy because there was no evidence that the prosecutor would have been receptive to one).  Moreover, the Government has discretion "to determine which defendants it wishes to receive the benefits of a bargain."  <u>U.S. v. Perez-Pena</u>, 453 F.3d 236, 243 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 542 (2006).  It follows that a defendant cannot enter into a plea agreement unilaterally or compel the Government to negotiate a plea.

Here Morrow provides no evidence to affirmatively demonstrate that the Government proposed a plea agreement or that it was even considering offering him one.  Instead, he simply speculates as to the discrepancy between the sentence he received upon conviction and the sentence he calculated he would have received if he had plead guilty.  Based on this speculation, he baldly asserts he would have accepted the plea agreement.  This is just palaver.  What Morrow is saying in effect is that, had there been a plea agreement more favorable than what he

was convicted of, he would have accepted it, but he does not know if there was such an agreement or whether it would have been more favorable.

As to prejudice, keeping in mind that Morrow was indicted on Five Counts of distributing cocaine base, it is in fact quite likely that the Government would have considered the full scope of the allegations against Morrow in fashioning any proposed plea agreement.  The proposal, therefore, might well have been more prejudicial than the actual outcome.

**D.**

Morrow's last claim of ineffective assistance is that counsel underestimated the sentence he would receive if convicted by a jury.  Whereas counsel allegedly informed Morrow that he would receive a maximum of 120 months imprisonment if the jury found him guilty, his actual sentence was 151 months.  Counsel denies this allegation in his affidavit and further states that "we went to trial in Mr. Morrow's federal case because Mr. Morrow wanted to go to trial.  Mr. Morrow knew the risks, and he did not want to plead guilty."  Apart from that, even if counsel miscalculated the consequences of a guilty verdict, such a miscalculation does not constitute deficient performance under the first prong of Strickland.  Sentencing consequences following guilty verdicts are not always easy to predict and are hardly susceptible to mathematical precision.  A mere inaccurate estimate of a possible sentence, standing alone, does not sufficiently demonstrate deficient performance of counsel.  See Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986) (citing McMann v. Richardson, 397 U.S. 759, 770 (1970)); Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir. 1970) (finding that counsel's erroneous prediction of the sentence possibilities regarding a plea agreement is not constitutionally ineffective).

More important, miscalculation of the sentence simply could not have prejudiced Morrow.   His choice upon being indicted was to stand trial.   Whether or not counsel underestimated the possible sentence had no bearing on that decision.   In other words, he cannot satisfy the prejudice prong of <u>Strickland</u>.

### III.

For the foregoing reasons, the Court finds that an evidentiary hearing is not necessary to resolve Morrow's claim and the Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**. A separate order **WILL ISSUE**.


                                                                _____/s/_____
                                                                 PETER J. MESSITTE

July 26, 2007                                       UNITED STATES DISTRICT JUDGE